# EXHIBIT A

**LOPEZ MCHUGH, LLP**
BY: JAMES J. McHUGH, JR. ID. 65809
        MICHAEL S. KATZ ID. 76119
214 Flynn Avenue
Moorestown, New Jersey 08057
mkatz@lopezmchugh.com
Telephone: (856) 273-8500



*Attorneys for Plaintiff*

| | | |
|---|---|---|
| **KANYE CLARY** | : | **IN THE COURT OF COMMON PLEAS** |
| **101 S. Fir Avenue** | : | **PHILADELPHIA COUNTY** |
| **Virginia Beach, VA 23452** | : | |
| **Plaintiff** | : | **NOVEMBER TERM 2024** |
| **v.** | : | |
| | : | **NO. _____** |
| **PENN STATE UNIVERSITY et al** | : | |
| **201 Old Main** | : | |
| **University Park, PA 16802** | : | |
| **Defendants** | : | **JURY TRIAL DEMANDED** |

## NOTICE TO DEFEND

### NOTICE

**You have been sued in court. If you wish to defend against the claims set forth in the following pages, you must take action within twenty (20) days after this complaint and notice are served, by entering a written appearance personally or by attorney and filing in writing with the court your defenses or objections to the claims set forth against you. You are warned that if you fail to do so the case may proceed without you and a judgment may be entered against you by the court without further notice for any money claimed in the complaint of for any other claim or relief requested by the plaintiff. You may lose money or property or other rights important to you.**

***You should take this paper to your lawyer at once. If you do not have a lawyer or cannot afford one, go to or telephone the office set forth below to find out where you can get legal help.***

**Philadelphia Bar Association**
**Lawyer Referral**
**and Information Service**
**One Reading Center**
**Philadelphia, Pennsylvania 19107**
**(215) 238-6333**
**TTY (215) 451-6197**

Case ID: 241103388

## AVISO

**Le han demandado a usted en la corte. Si usted quiere defenderse de estas demandas expuestas en las paginas siguientes, usted tiene veinte (20) dias de plazo al partir de la fecha de la demanda y la notificacion. Hace falta ascentar una comparencia escrita o en persona o con un abogado y entregar a la corte en forma escrita sus defensas o sus objeciones a las demandas en contra de su persona. Sea avisado que si usted no se defiende, la corte tomara medidas y puede continuar la demanda en contra suya sin previo aviso o notificacion. Ademas, la corte puede decidir a favor del demandante y requiere que usted cumpla con todas las provisiones de esta demanda. Usted puede perder dinero o sus propiedades u otros derechos importantes para usted.**

***Lleve esta demanda a un abogado immediatamente. Si no tiene abogado o si no tiene el dinero suficiente de pagar tal servicio. Vaya en persona o llame por telefono a la oficina cuya direccion se encuentra escrita abajo para averiguar donde se puede conseguir asistencia legal.***

**Asociacion De Licenciados
De Filadelfia
Servicio De Referencia E
Informacion Legal
One Reading Center
Filadelfia, Pennsylvania 19107
(215) 238-6333
TTY (215) 451-6197**

2

Case ID: 241103388

**LOPEZ MCHUGH, LLP**
JAMES J. McHUGH, JR. (ID No. 65809)
MICHAEL S. KATZ (ID No. 76119)
214 Flynn Avenue
Moorestown, New Jersey 08057
Telephone: (856) 273-8500
Facsimile:  (856) 273-8502                                    *Attorneys for Plaintiff*

| | |
|---|---|
| KANYE CLARY : | COURT OF COMMON PLEAS |
| 101 S. Fir Avenue : | PHILADELPHIA COUNTY |
| Virginia Beach, VA 23452 : | |
| *Plaintiff*, : | NOVEMBER TERM 2024 |
| : | |
| v. : | NO._____ |
| : | |
| PENNSYLVANIA STATE UNIVERSITY : | |
| 201 Old Main : | |
| University Park, PA 16802 : | **DEFAMATION/UNJUST ENRICHMENT** |
| : | |
| and : | |
| : | |
| MICHAEL RHOADES : | |
| 201 Old Main : | |
| University Park, PA 16802 : | **JURY TRIAL DEMANDED** |
| : | |
| and : | |
| : | |
| HAPPY VALLEY UNITED : | |
| 1828 Good Hope Road : | |
| Enola, PA 17025 : | |
| : | |
| and : | |
| : | |
| SUCCESS WITH HONOR NIL, INC. : | |
| 1828 Good Hope Road, Suite 102 : | |
| Enola, PA 17025 : | |
| : | |
| and : | |
| : | |
| BLUEPRINT SPORTS AND : | |
| ENTERTAINMENT, LLC : | |
| 1120 N Town Center Dr # 160 : | |
| Las Vegas, NV 89144 : | |
| : | |
| and : | |

3

Case ID: 241103388

JOHN DOES 1-10                          :
201 Old Main                            :
University Park, PA 16802               :
                                        :
            and                         :
                                        :
ABC CORPORATIONS 1-10                   :
201 Old Main                            :
University Park, PA 16802               :
            *Defendants.*               :

Plaintiff Kanye Clary, by way of his Complaint, alleges and states as follows:

1.      Plaintiff Kanye Clary is a citizen and resident of the Commonwealth of Virginia, residing therein at 101 S. Fir Avenue, Virginia Beach, VA.

2.      Pennsylvania State University ("PSU") is a Pennsylvania corporation with its offices and principal place of business located at 201 Old Main, University Park, PA.

3.      At all times pertinent hereto, Defendant PSU was acting by and through its agents, servants, and employees, all of whom were acting under the control or right of control of said defendant and within the course and scope of their employment, authority or apparent authority.

4.      Defendant Michael Rhoades is a citizen and resident of Pennsylvania with a principal place of business at 201 Old Main, University Park, PA.

5.      At all times pertinent hereto, Defendant Rhoades was an agent, servant, or employee of PSU.

6.      Happy Valley United ("Happy Valley") is a Pennsylvania entity with its offices and principal place of business located at 1828 Good Hope Road, Enola, PA.

7.      At all times pertinent hereto, Defendant Happy Valley United was acting by and through its agents, servants, and employees, all of whom were acting under the control or right of

Case ID: 241103388

control of said defendant and within the course and scope of their employment, authority or apparent authority.

8.      Success With Honor NIL, Inc. ("Success") is a Pennsylvania corporation with its offices and principal place of business located at 1828 Good Hope Road, Enola, PA.

9.      At all times pertinent hereto, Defendant Success was acting by and through its agents, servants, and employees, all of whom were acting under the control or right of control of said corporate defendant and within the course and scope of their employment, authority or apparent authority.

10.     Defendant Blueprint Sports and Entertainment, LLC ("Blueprint") is a Nevada corporation with its offices and principal place of business located at 1120 N Town Center Dr # 160, Las Vegas, NV.

11.     At all times pertinent hereto, Defendant Blueprint was acting by and through its agents, servants, and employees, all of whom were acting under the control or right of control of said corporate defendant and within the course and scope of their employment, authority or apparent authority.

12.     Defendants, ABC Corporations are corporation which, at all times relevant hereto, were duly organized, licensed and existing under and by virtue of the laws of the Commonwealth of Pennsylvania for the purpose of providing educational or sports-related services to Plaintiff.

13.     At all times relevant to this action, ABC Corporations were acting by and through their authorized agents, servants, employees, apparent agents and ostensible agents, including, but not limited to, other Defendants, all of whom were acting under the control or right of control of ABC Corporations and within the course and scope of their employment, authority, or apparent authority.

Case ID: 241103388

14.    Defendant John Does are adult individuals who, at all time relevant to this action, provided educational or sports-related services to Plaintiff.

15.    At all times relevant to this action, upon information and belief, Defendant John Does were employed the other Defendants and/or ABC Corporations.

16.    At all times relevant hereto, Defendant John Does acted individually and also within the course and scope of their employment, authority, or apparent authority as the agent, servant, employee, apparent agent, and/or ostensible agent of other named Defendants and ABC Corporations under contract, employment and/or other agency relationship with said defendants.

17.    Each of the individual Defendants named herein were acting as an agent, servant, or employee of PSU, Happy Valley, Success, Blueprint, and/or other corporate Defendants presently unknown to Plaintiff, thus giving rise to claims of ostensible and/or vicarious liability. Each of the individual Defendants was acting by and through their agents, servants and employees acting in the scope of their employment.

## STATEMENT OF FACTS

18.    PSU is a public state-related university with campuses and facilities throughout Pennsylvania.

19.    Michael Rhoades is the head men's basketball coach at PSU, having been hired on March 29, 2023.

20.    Happy Valley is the official Name, Image, and Likeness (NIL) collective for PSU. Happy Valley United serves all PSU sports and student-athletes at PSU.

21.    Upon information and belief, Success With Honor NIL, Inc. is associated with Happy Valley as an owner or governing entity.

Case ID: 241103388

22.     Upon information and belief, Blueprint is associated with Happy Valley as an owner or governing entity.

23.     At all times pertinent hereto, Plaintiff Kanye Clary was a basketball player on the PSU basketball team.

24.     Beginning in December of 2023, Kanye was a victim of intimidation, retaliation, slander, illegal of use of his Name, Image and Likeness and ultimately suspension from the basketball team as retribution for speaking out against various injustices that the players have faced from the coaching staff.

25.     At all relevant times hereto Kanye was a student at PSU.

26.     Kamye had an excellent record in sports and academics at all times pertinent hereto.

27.     Kanye never had any issues at PSU until Defendant Rhoades arrived.

28.     Kanye was a captain on the PSU basketball team.

29.     Kanye was tasked by PSU to lead and be one of the voices for the PSU basketball players.

30.     It is a captain's duty to speak up about issues that negatively affect the team.

31.     Kanye voiced concerns about lax discipline for late arrivals, disrespect, and lack of accountability for certain players.

32.     For instance, leniency was shown toward many players who violated team rules and were never reprimanded.

33.     Coach Rhoades dismissed Kanye's concerns.

Case ID: 241103388

34.    When Kanye began to express concerns over players receiving preferential treatment, he began to personally receive unfair treatment and targeting from the coaches, including Coach Rhoades.

35.    PSU, Happy Valley, and Success were illegally using Kanye's Name, Image and Likeness to acquire donations without his permission.

36.    Kanye did not have an NIL agreement so his family reached out to Coach Rhoades on or about January 16, 2024 to complain about the illegal use of Kanye's NIL in PSU and Happy Valley social media and marketing materials.

37.    Three days later, Coach Rhoades sent over a contract between Kanye and Blueprint, acting as an agent on behalf of Happy Valley.  See Exhibit A.  The contract would have paid Kanye much less than he was due.

38.    Kanye refused to sign the contract.

39.    After Kanye refused to sign the contract, the retaliation against him escalated.

40.    Plaintiff never received a response from the athletic department or director when these issues were raised.  The close relationship between the athletic department and Coach Rhoades compromised the athletic department's ability to fairly protect athletes from the staff's corrupt nature.

41.    Kanye suffered an in-game concussion in January of 2024.

42.    Kante was provided a low level of care and treatment for his concussion from the Defendants.

43.    Coach Rhoades used this injury to find ways to further punish Kanye.

Case ID: 241103388

44.    In February of 2024 Kanye was suspended from the basketball team by Coach Rhoades and the rest of the coaching staff despite Kanye being a captain and one of the best performing players on the team.

45.    Kanye was dismissed from the basketball team on February 19, 2024, on unfounded and meritless grounds.

46.    PSU legal counsel informed Kanye's father that she told Coach Rhoades not to make any judgments until she had a chance to review all sides, but Kanye was dismissed before he had a chance to speak and explain his side.

47.    Coach Rhoades spread a false narrative that Kanye improperly missed classes, but this was excused due to the aforementioned concussion.

48.    Furthermore, many of the other players on the basketball team had far more absences than Kanye.

49.    Coach Rhoades spread false rumors that Kanye was failing his classes.  This was incorrect; Kanye had a single, excused incomplete because he could not finish a videography assignment due to symptoms from his concussion.

50.    Coach Rhoades stated that Kanye used the word "bro" in a disrespectful fashion. However, the entire team and coaching staff used the term.  It is a common term among Kanye's age group.

51.    Coaches were overhead by players making derogatory statements about Kanye behind his back, upon information and belief at the behest of Coach Rhoades.

52.    Coach Rhoades slandered Kanye to an outside coach who called Anthony Clary, Kanye's father, and informed him of the slander.  This witness informed Mr. Clary that he felt uneasy about the stories he was heating about Kanye.

9

Case ID: 241103388

53.     Coach Rhoades spread unfounded rumors that Kanye was going to leave PSU because he refused to sign the NIL agreement.  This narrative was spread amongst the coaches, media and teammates, as well as individuals outside the team.

54.     Kanye's dismissal is a fabrication that was spurred by Coach Rhoades because he was upset about Kanye speaking out and then being confronted for using his Name, Image and Likeness and not signing the agreement with Happy Valley.

55.     Many players on the basketball team have engaged in similar behavior but were treated differently because of their race.

56.     The slander by Defendants led to Kanye being faced with a hostile environment that created an onslaught of cyber bullying, depression, ostracizing, limitation on use of facilities, damage to reputation, and financial loss.

57.     The slander negativity effected Kanye's ability to find a school of his liking becuase it created a false stigma that he was a problem student at PSU whereas he was simply doing his job as captain and calling out the injustices he witnessed and experienced.  This false narrative came into play at every subsequent school that Kanye visited and became the topic of every meeting, which made multiple teams decide not to sign him.

58.     Kanye's collegiate portal documentation was not placed into the system correctly by PSU.  Multiple coaches were unable to reach Kanye because the information in the portal was wrong or not listed correctly.  Many coaches had to resort to sending person messages via Kanye's personal Instagram account.

59.     Kanye had to use family connections to get a team to take him because most could not reach him or because PSU coaches has spread a false narrative to get Kanye blackballed.

Case ID: 241103388

60.     These incidents harmed Kanye's career because he was having an All Big 10 year, averaging more than 17 points per game, before these events transpired.  These events led to Kanye having to restart at a school that was unfamiliar with his abilities, which derailed his career.

61.     Kanye suffers from anger, resentment and depression due to what he went through.

## COUNT I – DEFAMATION
### Plaintiff v. Defendants PSU and Rhoades

62.     Plaintiff hereby incorporates all paragraphs of this Complaint as if fully set forth at length herein.

63.     As stated herein, Coach Rhoades slandered Kanye by falsely making statements (personally or through his assistant coaches) that Kanye was missing classes, failing classes, was disrespectful, and was going to leave PSU.

64.     These statements were false and Coach Rhoades knew that they were false at all times.

65.     These statements caused permanent damage to Kanye's reputation and financial well-being.

66.     As a direct and proximate result of the Defendants' actions, Kanye suffered injuries and losses including:

a.     emotional pain and suffering;

b.     mental anguish, humiliation, embarrassment, and loss of life's pleasures; and

c.     loss of income.

11

Case ID: 241103388

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, jointly and severally, for damages in an amount in excess of the jurisdictional limits of this Court, together with all lawful fees, costs and such other relief as this Court deems just and proper, including all actual damages from Defendants, jointly and severally, together with interest as allowed by law; treble damages pursuant to 15 U.S.C. § 15; pre- and post-judgment interest; and such other relief as the Court deems just and proper.

### COUNT II
### RACIAL DISCRIMINATION
### Plaintiff v. All Defendants

67.     Plaintiff hereby incorporates all paragraphs of this Complaint as if fully set forth at length herein.

68.     Kanye is a black male and therefore a member of a distinct racial class.

69.     Kanye was treated differently from white students by the defendants.

70.     Kanye's dismissal was motivated in part or in whole by racial discrimination.

71.     As a direct and proximate result of Defendants' racially discriminatory actions, Plaintiff suffered emotional injury. As a result, Plaintiff suffered damages in an amount to be proved at trial.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, jointly and severally, for damages in an amount in excess of the jurisdictional limits of this Court, together with all lawful fees, costs and such other relief as this Court deems just and proper, including all actual damages from Defendants, jointly and severally, together with interest as allowed by law; treble damages pursuant to 15 U.S.C. § 15; pre- and post-judgment interest; and such other relief as the Court deems just and proper.

Case ID: 241103388

## COUNT III – UNREASONABLE RESTRAINT OF TRADE
### Violation of Section 1 of the Sherman Act
### 15 U.S.C. § 1
### Plaintiff v. All Defendants

72.    Plaintiff hereby incorporates all paragraphs of this Complaint as if fully set forth at length herein.

73.    15 U.S.C. § 1 provides, "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal. Every person who shall make any contract or engage in any combination or conspiracy hereby declared to be illegal shall be deemed guilty of a felony, and, on conviction thereof, shall be punished by fine not exceeding $100,000,000 if a corporation, or if any other person, $1,000,000, or by imprisonment not exceeding 10 years, or by both said punishments, in the discretion of the court."

74.    Defendants, by and through their officers, directors, employees, agents, or other representatives, conspired to artificially depress to near zero the price for the use of, and to limit supply for, licensing, and sale of Kanye's publicity rights, name, image, and/or likeness, in the relevant market, nationwide, in violation of Section 1 of the Sherman Act.

75.    The Defendants' rules and practices—including the requirements that student-athletes sign away their names, images, likenesses, and publicity rights (collectively "publicity rights")—and the agreement among the defendants to adhere to these rules constitute a contract or combination among the Defendants in restraint of trade in the market for Kanye's student-athlete services.

76.    This combination and conspiracy by Defendants (which possess a dominant position in the relevant market) has resulted in, and will until restrained continue to result in,

Case ID: 241103388

anti-competitive effects, including fixing Kanye's compensation at artificially low levels, since Kanye was unable to negotiate for compensation in a free market.

77.     The Defendants deployed their market power to reduce the cost of Kanye's publicity rights to zero.

78.     The Defendants' illegal conduct deprived Kanye of substantial profits he would otherwise have earned from his publicity rights.

79.     The Defendants' illegal conduct damaged Kanye by diminishing his opportunity to maximize compensation for his publicity rights.

80.     The Defendants have used images of Kanye without his consent and without compensating him in commercial advertising.

81.     As a direct and proximate result of Defendants' combinations and contracts to restrain trade, suppress compensation, and eliminate competition for skilled labor, Plaintiff suffered injury to his business or property and has been deprived of the benefits of free and fair competition. Absent Defendants' conduct, Plaintiff would have received a competitive share of the revenue being brought into PSU and their coconspirators from Plaintiff's labor. As a result, Plaintiff has suffered damages in an amount to be proved at trial.

82.     As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and financially damaged, including without limitation, lost profits and less or near zero compensation, precisely the type of injuries antitrust laws were designed to prevent, making Defendants' conduct an unlawful restraint of trade.

83.     Pursuant to Section 4 of the Clayton Act, Plaintiff is entitled to recover treble the amount of actual damages, as well as reasonable attorneys' fees and costs.

Case ID: 241103388

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, jointly and severally, for damages in an amount in excess of the jurisdictional limits of this Court, together with all lawful fees, costs and such other relief as this Court deems just and proper, including all actual damages from Defendants, jointly and severally, together with interest as allowed by law; treble damages pursuant to 15 U.S.C. § 15; pre- and post-judgment interest; and such other relief as the Court deems just and proper.

**COUNT IV**
**UNREASONABLE RESTRAINT OF TRADE**
**GROUP BOYCOTT/REFUSAL TO DEAL**
**Violation of Section 1 of the Sherman Act**
**15 U.S.C. § 1**
**Plaintiff v. All Defendants**

84.     Plaintiff hereby incorporates all paragraphs of this Complaint as if fully set forth at length herein.

85.     15 U.S.C. § 1 provides, "Every contract, combination in the form of trust or otherwise, or conspiracy in restraint of trade or commerce among the several states, or with foreign nations, is declared to be illegal."

86.     Defendants' refusal to properly deal with Plaintiff encompasses Defendants' concerted acts to prevent Kanye from being compensated for use of his Name, Image, and likeness in violation of Section 1 of the Sherman Act.

87.     Defendants' refusal to deal also includes Defendants' ongoing concerted action to deny Kanye compensation in the form of royalties for the continued use of his Name, Image, and likeness for profit.

88.     Defendants possess monopsony and monopoly power over the market for PSU student-athlete labor and services.

Case ID: 241103388

89.    Defendants wield this power willfully to quash competition and drive the cost of student-athletes' labor down to zero.

90.    Defendants use this power to further exploit student-athletes such as Kanye by forcing them to assign their publicity rights to the Defendants.

91.    Defendants' monopoly power is not the result of growth or development as a consequence of a superior product, business acumen, or historic accident, but rather of a deliberate course of conduct aimed at eliminating competition.

92.    There is no valid procompetitive reason for Defendants to require student-athletes to assign their publicity rights to Defendants in perpetuity; tather, the purpose of this requirement is to allow the Defendants to extract maximum profit from the uncompensated labor of student-athletes such as Kanye, taking full advantage of its monopoly power to derive further profits for itself.

93.    Defendants have leveraged their power in a concerted action to deny Plaintiff compensation in the form of royalties for the continued use of his Name, Image, and Likeness for profit.

94.    Defendants' power is an unlawful restraint on trade and a violation of Section 1 of the Sherman Act as a group boycott and/or refusal to deal.

95.    Defendants used eligibility rules as a threat to force Plaintiff to abide by the Defendants' rules and agreements on NIL. Plaintiff received less compensation, near zero, and substantially fewer benefits than he otherwise would have received for the use of his athletic services in competitive labor markets, and thus suffered antitrust injuries.

96.    As a direct and proximate result of Defendants' combinations and contracts to restrain trade, suppress compensation, and eliminate competition for skilled labor, Plaintiff

Case ID: 241103388

suffered injury to business or property and has been deprived of the benefits of free and fair competition. Absent Defendants' conduct, Plaintiff would have received a competitive share of the revenue being brought into the Defendants from Plaintiff's labor. As a result, Plaintiff suffered damages in an amount to be proved at trial.

97.    As a direct and proximate result of Defendants' unlawful conduct, Plaintiff has been injured and financially damaged, including without limitation, lost profits, less or near zero compensation, precisely the type of injuries antitrust laws were designed to prevent, making Defendants' conduct an unlawful restraint of trade.

98.    Pursuant to Section 4 of the Clayton Act, Plaintiff is entitled to recover treble the amount of actual damages, as well as reasonable attorneys' fees and costs.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, jointly and severally, for damages in an amount in excess of the jurisdictional limits of this Court, together with all lawful fees, costs and such other relief as this Court deems just and proper, including all actual damages from Defendants, jointly and severally, together with interest as allowed by law; treble damages pursuant to 15 U.S.C. § 15; pre- and post-judgment interest; and such other relief as the Court deems just and proper.

### COUNT V
### UNJUST ENRICHMENT
### Plaintiff v. Defendants PSU, Happy Valley, Success and Blueprint

99.    Plaintiff hereby incorporates all paragraphs of this Complaint as if fully set forth at length herein.

100.    Defendants have received money from advertisements and other promotional images centered around Plaintiff's Name, Image, and Likeness; Plaintiff has not consented to such use, nor has he been compensated for it.

17

Case ID: 241103388

101.    These images, and the publicity rights and benefits associated with them, belong in equity and good conscience to Plaintiff.

102.    But for the illegal, unethical, and unscrupulous conduct of the Defendants, Plaintiff would have been paid substantial sums for the use of his Name, Image, and Likeness in advertisements and other promotional efforts.

103.    Defendants have been unjustly enriched as a result of the unlawful conduct detailed herein to the detriment of Plaintiff.

104.    Defendants should not be permitted to retain the benefits conferred upon them via their wrongful conduct.

105.    Defendants must disgorge all of Defendants' profits resulting from the wrongful conduct described herein to Plaintiff under law, equity, and good conscience.

WHEREFORE, Plaintiff demands judgment in his favor and against all Defendants, jointly and severally, for damages in an amount in excess of the jurisdictional limits of this Court, together with all lawful fees, costs and such other relief as this Court deems just and proper, including all actual damages from Defendants, jointly and severally, together with interest as allowed by law; treble damages pursuant to 15 U.S.C. § 15; pre- and post-judgment interest; and such other relief as the Court deems just and proper.

Case ID: 241103388

Dated: November 27, 2024          Respectfully submitted,

                                  /s/ Michael S. Katz

James J. McHugh, Jr.
Michael S. Katz
LOPEZ MCHUGH, LLP
214 Flynn Avenue
Moorestown, New Jersey 08057
Telephone: (856) 273-8500
Facsimile: (856) 273-8502

*Attorneys for Plaintiff*

Case ID: 241103388

## **VERIFICATION**

I hereby verify that the information contained in the foregoing Complaint is true and correct to the best of my knowledge, information and belief. The attached Complaint is based upon information which has been furnished to counsel and information which has been gathered by counsel in preparation for the prosecution of this lawsuit. The language contained in the Complaint is that of counsel and not of Plaintiff. I have read the Complaint and, to the extent that it is based upon information which was given to counsel, it is true and correct to the best of my knowledge, information, and belief. To the extent that the contents of the Complaint are that of counsel, I have relied upon counsel in making this verification.

I make this verification subject 18 Pa. C.S § 4904, and I understand that the above statements, if false, are subject to the penalties under § 4904, relating to unsworn falsification to authorities.

Signed by:

*Kanye Clary*

7D5EF4D861B54CF...

Kanye Clary

Dated: 11/26/2024

Case ID: 241103388