IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KANYE CLARY, | : | CIVIL ACTION |
| *Plaintiff*, | : | |
| v. | : | |
| THE PENNSYLVANIA STATE UNIVERSITY, et al., | : | No. 24-cv-6793 |
| *Defendants*. | : | |

MEMORANDUM

**KENNEY, J.**                                                                                                                                               **March 7, 2025**

After Defendants removed this case to federal court on the basis of federal question jurisdiction, ECF No. 1 at 3, Plaintiff voluntarily dismissed all federal claims, leaving only state law claims. ECF No. 9 at 3–4. Two motions, as relevant here, followed: Defendants The Pennsylvania State University and Michael Rhoades moved for leave to file an amended notice of removal, adding diversity jurisdiction as a basis for removing this case to federal court. ECF No. 13 at 1; ECF No. 13-1 at 3–4. Additionally, Plaintiff moved to remand this case to state court on the ground that this Court lacked subject matter jurisdiction over Plaintiff's remaining claims. ECF No. 9 at 3–4. For the reasons set forth below, this Court denies both Defendants' motion for leave to amend the notice of removal (ECF No. 13) and Plaintiff's motion for remand (ECF No. 9).

**A. Defendants' Motion for Leave to Amend the Notice of Removal**

Defendants move for leave to file an amended notice of removal in order to add diversity jurisdiction as a basis for removing this case to federal court. ECF No. 13 at 1; ECF No. 13-1 at 3–4. A defendant may file a notice to remove a case to federal court within thirty days of receiving the complaint. *See* 28 U.S.C. § 1446(b)(1). During that thirty-day period, the defendant is

1

permitted to freely amend the notice of removal. *USX Corp. v. Adriatic Ins. Co.*, 345 F.3d 190, 206 n.13 (3d Cir. 2003). However, once that thirty-day period expires, a defendant typically cannot amend the notice of removal to add a completely new ground for removing the case to federal court. *See id.* at 204–05 & n.11; *Brown v. Rite Aid Corp.*, 415 F. Supp. 3d 588, 594 (E.D. Pa. 2019).

Here, Defendants' amended notice of removal seeks to add an additional ground for removal—diversity jurisdiction—more than thirty days after Defendants were served with the complaint. *See* ECF No. 13-1 at 3–4. Defendants were served with the complaint on December 2, 2024, and shortly thereafter filed their notice of removal. ECF No. 1 at 3. Defendants then filed an amended notice of removal on February 3, 2025, alleging diversity jurisdiction as a new ground for removal.[1] ECF No. 10 at 2–4. Because Defendants filed their amended notice of removal in February 2025, over thirty days after they were served with the complaint in December 2024, the amendment to the notice of removal is untimely.[2] *See USX Corp.*, 345 F.3d at 204–05 & n.11; *see also Lupo v. Hum. Affs. Int'l, Inc.*, 28 F.3d 269, 274 (2d Cir. 1994).

This Court therefore denies Defendants' motion for leave to amend their notice of removal. However, the fact that Defendants cannot amend their notice of removal makes little difference here: No amendment to the notice of removal was required in this particular case. Defendants' original notice of removal properly removed this case to federal court on the basis of federal question jurisdiction, *see* ECF No. 1 at 3, given that Plaintiff's original complaint brought claims under federal law, and there was supplemental jurisdiction over his state law claims. *See* ECF No.

---

[1] Defendants later refiled this amended notice of removal on February 11, 2025 with their motion for leave. ECF No. 13 (motion for leave); ECF No. 13-2 (amended notice of removal).
[2] To argue to the contrary, Defendants cite *Scattergood v. Perelman*, 945 F.2d 618, 627 (3d Cir. 1991). However, that case did not involve amending a notice of removal, but instead involved amending a complaint, which is not subject to the thirty-day time limit present here. *See id.*

1-1 at 12–19. And Plaintiff waived any procedural objections to Defendants' notice of removal by failing to raise them. *See Farina v. Nokia, Inc.*, 625 F.3d 97, 114 (3d Cir. 2010) (noting that a plaintiff must raise any defect with a notice of removal, other than a lack of subject matter jurisdiction, within thirty days of when the case is removed to federal court). No amendment to the notice of removal was therefore necessary.

### B. Plaintiff's Motion for Remand Due to Lack of Subject Matter Jurisdiction

Plaintiff moves to remand this case to state court, arguing that this Court lost subject matter jurisdiction when Plaintiff attempted to dismiss all federal claims from the complaint.[3] *See* ECF No. 9 at 3–4. A district court must remand a case "[i]f at any time before final judgment it appears that the district court lacks subject matter jurisdiction" over a plaintiff's claims. *Ariel Land Owners, Inc. v. Dring*, 351 F.3d 611, 613 (3d Cir. 2003) (quoting 28 U.S.C. § 1447(c)). When the opposing parties in a suit are citizens of different states and the amount in controversy exceeds $75,000, this Court has subject matter jurisdiction based on diversity jurisdiction. *GBForefront, L.P. v. Forefront Mgmt. Grp., LLC*, 888 F.3d 29, 34 (3d Cir. 2018) (citing 28 U.S.C. § 1332(a)).

As an initial matter, the proper procedure for Plaintiff to voluntarily dismiss some, but not all, claims from this suit is to amend his complaint. *Klay v. United Healthgroup, Inc.*, 376 F.3d 1092, 1106 (11th Cir. 2004) ("A plaintiff wishing to eliminate particular claims or issues from the action should amend the complaint under Rule 15(a) rather than dismiss [the claims] under Rule 41(a)." (citation omitted)); *see also Koslosky v. Am. Airlines, Inc.*, 456 F. Supp. 3d 681, 688 (E.D. Pa. 2020). However, this Court is permitted to construe Plaintiff's voluntary dismissal of claims as a motion to amend his complaint. *Taylor v. Brown*, 787 F.3d 851, 858 (7th Cir. 2015)

---

[3] Plaintiff does not argue that this Court lacked subject matter jurisdiction at the time the case was removed to federal court, only that actions taken after removal divested the Court of subject matter jurisdiction. *See* ECF No. 9 at 3–4.

3

(construing a request to voluntarily dismiss certain claims as a motion to amend the complaint); *see also Baxter v. Santiago-Miranda*, 121 F.4th 873, 884–85 (11th Cir. 2024) ("When a party attempts to drop a claim" without citation to the appropriate rule, the Court construes the "party's attempt in accordance with the appropriate rule."). To avoid prolonging this litigation, this Court treats Plaintiff's attempt to voluntarily dismiss his federal claims, ECF No. 9 at 3–4, as a motion to amend his complaint, and the Court grants the motion.

This Court has diversity jurisdiction over Plaintiff's remaining claims, and remand is therefore improper. Plaintiff is a citizen of a different state, Virginia, than Defendants, who are citizens of Pennsylvania and Nevada. *See* ECF No. 1-1 at 5–7. The amount in controversy stemming from Plaintiff's defamation and unjust enrichment claims plausibly exceeds $75,000, satisfying the requirements of diversity jurisdiction. *See* 28 U.S.C. § 1332(a)(1).

Plaintiff does not dispute that the above requirements for diversity jurisdiction are met, and instead argues that this Court lacks diversity jurisdiction based on the "forum defendant rule." ECF No. 11 at 1. Under that rule, an action that is "removable solely on the basis of [diversity] jurisdiction" cannot "be removed if any of the [defendants] properly joined and served" is "a citizen of the State in which such action is brought." 28 U.S.C. § 1441(b)(2). In other words, the forum defendant rule prevents defendants from removing a case from state court based only on diversity jurisdiction if at least one of the defendants is a citizen of that state. *See id.*

However, the forum defendant rule does not apply to the issues raised here. Based on its plain text, the forum defendant rule governs only the removal of a case to federal court, not whether there is subject matter jurisdiction at all points after the case comes to federal court. *See id.*; *see also Encompass Ins. Co. v. Stone Mansion Rest. Inc.*, 902 F.3d 147, 153–54 (3d Cir. 2018) (noting that courts are bound by the plain text of 28 U.S.C. § 1441(b)(2)). Here, Plaintiff does not argue

4

that this Court lacked subject matter jurisdiction when this case was initially removed to federal court. *See* ECF No. 9 at 3–4. Plaintiff argues only that this Court later lost subject matter jurisdiction after Plaintiff voluntarily dismissed all federal claims.[4] *See id.*; *see also Royal Canin U.S.A., Inc. v. Wullschleger*, 604 U.S. 22, 30 (2025) ("When a plaintiff amends her complaint following her suit's removal, a federal court's jurisdiction depends on what the [amended] complaint says."). The forum defendant rule therefore does not apply.

The forum defendant rule does not apply for two additional reasons. First, the forum defendant rule applies only when an action is "removable solely on the basis of [diversity] jurisdiction." 28 U.S.C. § 1441(b)(2). However, this action was properly removed based on federal question jurisdiction, *see* ECF No. 1 at 3, and this is therefore not an action that was "removable solely" on the basis of diversity of citizenship. *See* 28 U.S.C. § 1441(b)(2). Second, this Circuit "has long held that the forum defendant rule is procedural rather than jurisdictional, except where 'the case could not initially have been filed in federal court.'" *Encompass*, 902 F.3d at 152 (quoting *Korea Exch. Bank v. Trackwise Sales Corp.*, 66 F.3d 46, 50 (3d Cir. 1995)). Since the complaint that Plaintiff filed in state court could have been filed in federal court based on either diversity jurisdiction or federal question jurisdiction, the forum defendant rule in no way affects this Court's jurisdiction. *See Korea Exch. Bank*, 66 F.3d at 50–51.

---

[4] As discussed *supra* Section A, this Court had subject matter jurisdiction *at the time of removal* based on federal question jurisdiction, since Plaintiff's original complaint brought claims under federal law and there was supplemental jurisdiction over Plaintiff's state law claims. *See* ECF No. 1-1 at 12–19.

In light of the above, this Court has diversity jurisdiction over Plaintiff's claims.[5] Because this Court has diversity jurisdiction, remand based on a lack of subject matter jurisdiction is improper. *See Ariel Land Owners*, 351 F.3d at 613.

### C. Conclusion

Considering the arguments before this Court, the Court denies both motions (ECF Nos. 9 and 13). Defendants' attempt to amend their notice of removal is untimely because it adds a new jurisdictional basis for removal more than thirty days after Defendants received Plaintiff's complaint. Accordingly, Defendants' motion for leave to amend the notice of removal (ECF No. 13) is **DENIED**. Plaintiff's motion for remand due to lack of subject matter jurisdiction (ECF No. 9) is also **DENIED**. This Court had subject matter jurisdiction when this case was removed to federal court based on federal question jurisdiction, as cited in the notice of removal. Plaintiff then attempted to voluntarily dismiss all federal claims, which this Court treats as a motion to amend the complaint and **GRANTS**. This Court maintains subject matter jurisdiction over the remaining claims based on diversity jurisdiction, and remand is therefore improper.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**

---

[5] Plaintiff does not argue, and this Court therefore has no occasion to consider, whether the notice of removal must assert all available grounds for jurisdiction and consequently whether the Court may consider only the jurisdictional grounds set forth by the removal notice. *See Williams v. Costco Wholesale Corp.*, 471 F.3d 975, 977 (9th Cir. 2006) (per curiam) ("Once a case has been properly removed, the district court has jurisdiction over it on all grounds apparent from the complaint, not just those cited in the removal notice."); *see also* 14C Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 3733 (4th ed. 2024) ("When events after removal do not oust the court of jurisdiction but do eliminate the jurisdictional basis upon which the removal was predicated—as, for example, when the plaintiff drops its federal-question claims—the courts should recognize that the case may remain in federal court and that no amendment of the removal notice is necessary to enable the case to do so.").