IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **KANYE CLARY,** | : | **CIVIL ACTION** |
| *Plaintiff*, | : | |
| v. | : | |
| **THE PENNSYLVANIA STATE UNIVERSITY, et al.,** | : | No. 24-cv-6793 |
| *Defendants.* | : | |

**MEMORANDUM**

**KENNEY, J.**                                                                 **March 11, 2025**

The Court writes for the benefit of the parties and assumes familiarity with the facts of the case. Defendants The Pennsylvania State University ("Penn State") and Michael Rhoades move to transfer this case to the United States District Court for the Middle District of Pennsylvania under 28 U.S.C. § 1404(a). ECF No. 8 at 1. Defendant Blueprint Sports and Entertainment, LLC joins in the Motion. ECF No. 17 at 1. For the reasons set forth below, this Court will grant the Motion to Transfer (ECF No. 8).

**I.      DISCUSSION**

Under 28 U.S.C. § 1404(a), "a district court may transfer [a] civil action to any other district or division where it might have been brought" or "to which all parties have consented" for "the convenience of parties and witnesses" or "in the interest of justice." In deciding a motion to transfer under § 1404(a), unless all parties have consented to another venue, a court must first determine whether venue would be proper in the district to which the case would be transferred. *See Atl. Marine Constr. Co. v. U.S. Dist. Ct. for W.D. Tex.*, 571 U.S. 49, 59 (2013). The court

1

must then weigh the private interests of the parties and the interests of the public to decide if transfer is warranted. *See id.* at 62–63.

Turning to the first requirement, venue is proper in the Middle District of Pennsylvania, and Plaintiff does not argue otherwise. *See* ECF No. 11 at 2–3. Because "a substantial part of the events" giving rise to Plaintiff's claims occurred at Penn State's main campus in the Middle District of Pennsylvania, venue lies in that district. *See* 28 U.S.C. § 1391(b)(2) (venue is proper in a district "in which a substantial part of the events or omissions giving rise to the claim occurred"). The Court next turns to balancing the parties' and public's interests to determine whether transfer to the Middle District of Pennsylvania is warranted. *See Atl. Marine Constr. Co.*, 571 U.S. at 62–63.

The parties' private interests weigh strongly in favor of transfer. In considering the parties' private interests, a court may look to the location where the claims arose, convenience to the witnesses and litigants, the location of relevant records, the plaintiff's original choice of forum, the defendant's preferred forum, and any other factors that would streamline trying the case. *In re Howmedica Osteonics Corp.*, 867 F.3d 390, 402 (3d Cir. 2017). In this case, Plaintiff's claims arose from events that were overwhelmingly concentrated on Penn State's campus in the Middle District of Pennsylvania. Plaintiff alleges that Defendant Rhoades made false statements concerning Plaintiff's academic record and conduct on the basketball team while Plaintiff was a student at Penn State, and that Defendants were unjustly enriched from promotional materials related to Plaintiff's basketball career at Penn State. *See* ECF No. 1-1 at 12, 18–19. Though some of the supposedly defamatory statements were allegedly made elsewhere than Penn State, *see* ECF No. 11 at 2–3, the facts underlying Plaintiff's claims are substantially tied to Penn State and have no apparent connection to the Eastern District of Pennsylvania. Furthermore, many potential

witnesses—Penn State basketball coaches, staff, professors, and basketball team members—would likely be located near Penn State, and any academic and administrative records are also likely housed at Penn State's main campus. *See, e.g.*, ECF No. 8-4 at 2–3; ECF No. 8-3 at 3. And though Plaintiff argues that Penn State has other campuses in Pennsylvania, ECF No. 11 at 3, Plaintiff was at all relevant times a student at Penn State's main campus in the Middle District. *See* ECF No. 8-4 at 3; *cf. Arena Information*, Bryce Jordan Ctr., https://bjc.psu.edu/arena-information [https://perma.cc/4XZ5-JK2D] (noting that Penn State's basketball team plays at the main campus).

The Middle District of Pennsylvania is also the preferred forum of Defendants and is more convenient for a number of Defendants. For example, Defendant Rhoades works and resides in the Middle District in Centre County. *See* ECF No. 8-2 at 2. Likewise, both Defendant Success with Honor, Inc.'s general counsel and its former CEO reside in the Middle District.[1] *See* ECF No. 8 at 9; ECF No. 8-3 at 3. Though Plaintiff's choice of forum is the Eastern District of Pennsylvania, Plaintiff is a citizen of Virginia, and his choice of forum is therefore afforded less deference because it "is not [his] home forum." *See Sinochem Int'l Co. v. Malay. Int'l Shipping Corp.*, 549 U.S. 422, 430 (2007); *see also In re 3M Co.*, No. 20-2864, 2020 WL 13924735, at *2 (3d Cir. Nov. 18, 2020) (per curiam). In total, the parties' private interests weigh strongly in favor of transfer.

The public's interests do not weigh strongly for or against transfer. To evaluate the public's interests, a court may consider factors such as the relative congestion of the transferor and transferee districts, the familiarity of the districts with the applicable state law in a diversity case,

---

[1] The former CEO of Defendant Success with Honor NIL, Inc., Mark Toniatti, submitted an affidavit in support of The Pennsylvania State University and Michael Rhoades's Motion to Transfer. *See* ECF No. 8-3 at 2.

"the public policies of the fora," the enforceability of the judgment, and "the local interest in deciding local controversies at home." *In re Howmedica Osteonics Corp.*, 867 F.3d at 402 (citation omitted). Most of these factors are neutral: Both districts are familiar with Pennsylvania law, to the extent it applies to Plaintiff's state-law claims; the parties do not point to any public policies of either district implicated here; nor do the parties raise any issues with enforcing a judgment. *See id.* Indeed, the only factor that weighs against transfer is the relative congestion of the districts because the Middle District of Pennsylvania is more congested than the Eastern District of Pennsylvania. *See* Admin. Office of the U.S. Cts., *U.S. District Courts–Combined Civil and Criminal Federal Court Management Statistics*, at 3 (Dec. 31, 2024), https://www.uscourts.gov/sites/default/files/2025-02/fcms_na_distcomparison1231.2024.pdf [https://perma.cc/22WV-VBW9] (number of weighted filings per judgeship is higher in the Middle District (451) than in the Eastern District (330)). On the other hand, "the local interest in deciding local controversies at home" favors transfer. *See In re Howmedica Osteonics Corp.*, 867 F.3d at 402. Because Plaintiff's suit relates to events that arose in large part at Penn State's main campus, *see* ECF No. 1-1 at 12, 18–19, the parties' controversy is far more "local" to the Middle District of Pennsylvania. Given that most of the public interest factors are neutral, one factor weighs against transfer, and one factor weighs in favor of transfer, the public's interests in this case do not strongly favor or disfavor transfer.

Because the parties' interests strongly favor transfer, and the public's interests do not weigh strongly for or against transfer, the balance of the parties' and public's interests supports transferring this case to the United States District Court for the Middle District of Pennsylvania.

4

## II. CONCLUSION

Venue is proper in the United States District Court for the Middle District of Pennsylvania, and the balance of the parties' and public's interests supports transferring the case to that district. Accordingly, this Court will **GRANT** Defendants The Pennsylvania State University and Michael Rhoades's Motion to Transfer (ECF No. 8). An appropriate order will follow.

BY THE COURT:

/s/ Chad F. Kenney

**CHAD F. KENNEY, JUDGE**